# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1018 | **DATE** | 9/16/2003 |
| **CASE TITLE** | Frank DiPietro vs. The Prudential Ins. Co. of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendant's motion in limine is granted. Status hearing set for October 9, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 17 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 12 |
| | Copy to judge/magistrate judge. | | | |
| | | 03 SEP 16 PM 3:25 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK DiPIETRO, )
)
   Plaintiff, )
)
vs. ) No. 03 C 1018
)
THE PRUDENTIAL INSURANCE COMPANY )
OF AMERICA, )
)
   Defendant. )

SEP 17 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Frank DiPietro, a former employee of Washington Group International, Inc. (Washington), brought this action for reinstatement of disability insurance benefits against the plan administrator, The Prudential Insurance Company of America (Prudential), pursuant to 29 U.S.C. §1132(a)(1)(B). The parties are in discovery and defendant now brings a motion *in limine* seeking a declaration that the benefits plan at issue conferred discretionary authority on the plan's administrator rendering its decision to deny benefits subject to review only under an arbitrary and capricious standard. The defendant's motion is granted.

The proper standard of review for a denial of benefits challenged under § 1132(a)(1)(B) is *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 115 (1989). When the plan gives the administrator discretionary authority, the arbitrary and capricious standard of review applies. Wilczynski v. Kemper Nat. Ins. Cos., 178 F.3d 933, 934 (7th Cir. 1999). The courts look to the language of the plan to determine whether the administrator has discretionary authority. Postma v. Paul



Revere Life Ins. Co., 223 F.3d 533, 538 (7th Cir. 2000).

In Herzberger v. Standard Insurance Co., the Seventh Circuit formulated a general rule to determine whether or not the language of a benefits plan conferred discretionary authority. 205 F.3d 327, 330 (7th Cir. 2000). The court stated that "the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the applicant's claim, or requires both a determination and proof (or satisfactory proof) does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." *Id.* at 332. The court suggested that employers seeking to reserve discretionary authority for the administrator of their benefits plan, include a safe harbor clause stating that "[b]enefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." This clause would put employees on notice of an administrator's discretion and guarantee plan providers that their decisions would be reviewed under the "arbitrary and capricious" standard. *Id.* at 331. However, the court did not require this clause to reserve discretionary authority, recognizing that less explicit language may still have the "requisite if minimum clarity" to confer discretionary authority to the administrator. *Id.* As an example, the court highlighted the language of the benefits plan in Donato v. Metropolitan Life Insurance Co., 19 F.3d 375 (7th Cir. 1994), which required submission of proof "satisfactory to us" (the plan administrator). The court held that this language reserved discretionary authority to the administrator, explaining "the 'to us' signaled the subjective, discretionary character of the judgment that was to be made." Herzberger, 205 F.3d at 331 *citing* Donato, 19 F.3d at 379.

Washington's employee benefits plan contains substantially similar language to the plan in Donato. In the section on "Long Term Disability – Claim Information," under the heading "What Information Is Needed as Proof of Your Claim?" the Washington plan states: "We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor." The phrase "satisfactory to Prudential" modifies the proof of continuing disability that a claimant may be requested to submit. This language alerts the claimant that its proof must satisfy Prudential's discretionary authority. Although the plan's wording is not as clear or explicit as the Seventh Circuit's proposed safe harbor clause, the court made it clear that it need not be. *See* Herzberger v. Standard Insurance Co., F.3d 327, 331 (7th Cir. 2000).

Plaintiff argues that the holding in Perugini-Christen v. Homestead Mortgage Company, 287 F.3d 624 (7th Cir. 2002), renders the language of Washington's benefits plan insufficient to reserve discretionary authority. In Perugini-Christen, the Seventh Circuit affirmed the district court's ruling that a benefits plan provided by Reliance Standard Life Insurance Company did not clearly grant discretionary authority to the administrator. The plan required claimants to submit "satisfactory proof of Total Disability to [Reliance]." *Id.* at 626. The court noted that this language was "open to two reasonable interpretations: (1) that Perugini submit to Reliance satisfactory proof or (2) that she submit proof which is satisfactory to Reliance." *Id.* The first interpretation does not specify whom the proof must satisfy, while the second interpretation indicates that the proof must satisfy Reliance. The court held that Reliance failed to reserve authority because of this ambiguity in its language. *Id.* at 627.

The language in Washington's benefit plan does not suffer from such an ambiguity. The wording of the modifier, "satisfactory to Prudential," and its placement immediately following the noun modified, "proof of continuing disability," makes it clear that the proof of disability must be satisfactory to Prudential. Unlike the language in <u>Perugini-Christen</u>, this language cannot be interpreted otherwise.

## CONCLUSION

For the foregoing reasons, defendant's motion *in limine* is granted.

*(signature)*
JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 16, 2003.