Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1018 | DATE | 5/4/2004 |
| CASE TITLE | FRANK DI PIETRO vs. THE PRUDENTIAL INSURANCE COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 43 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANK DI PIETRO, )
)
    Plaintiff, )
)
vs. ) No. 03 C 1018
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
)
    Defendant. )

### MEMORANDUM OPINION AND ORDER

Plaintiff Frank DiPietro brought this ERISA action against defendant Prudential Insurance Company of America, challenging its denial of disability benefits under his employee benefits plan. On March 25, 2004, this court issued a memorandum opinion and order granting plaintiff's motion for summary judgment and denying defendant's cross-motion for summary judgment. Defendant now brings a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The motion is denied.

A party can bring a motion for reconsideration to correct errors of law or fact, or present newly discovered evidence. *See* Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000)(citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir. 1995)). Defendant argues that the court committed two legal errors in reaching its decision. First, that after finding the plan administrator's denial of benefits to be "arbitrary and capricious" the court awarded benefits to plaintiff instead of remanding the claim to the plan administrator. Second, that the court misapplied the summary judgment standard in finding for plaintiff. We disagree.

Defendant argues that when reviewing a plan administrator's initial denial of a

claimant's benefits, it is not the district court's place to determine the claimant's eligibility. It maintains that after finding the plan administrator's decision to be arbitrary and capricious, the court must return the plaintiff to the same position he was in before the arbitrary decision and remand the case to the plan administrator to determine whether or not the plaintiff is disabled. Indeed, the Seventh Circuit states in <u>Hackett v. Xerox Corporation Long-Term Disability Income Plan</u>, 315 F.3d 771, 776 (7th Cir. 2003): "In a case where the plan administrator did not afford adequate procedures in its initial denial of benefits, the appropriate remedy respecting the *status quo* and correcting for the defective procedures is to provide the claimant with the procedures that she sought in the first place." However, we did not simply find that the process was inadequate.

In the opinion granting summary judgment for plaintiff, we discussed the defendant's three proffered reasons for denying plaintiff's claim: lack of evidence to support his claim;, failure to work to the greatest extent possible; and failure to follow treatment recommendations. While discussing defendant's first argument, we highlighted the deficiencies in its decision – improper assumptions, discrediting of evidence without justification, and selective review of the evidence. We also recited the evidence on record that supported plaintiff's claim of disability, including the medical opinion of Dr. Sliwa, a post-polio specialist; the recommendations of Maureen Ziegler, an occupational therapist; the report of Thomas Grzesik, a rehabilitation consultant; the Social Security Administration's finding of disability; plaintiff's statements; and the letters of his friends and co-workers. In our opinion we noted the dearth of evidence to support the determination that plaintiff was not disabled. Finally, we concluded not just that the plan administrator's opinion contained procedural deficiencies but that, given this record, it was unreasonable not to find plaintiff disabled. As we stated, "The record is clear that plaintiff is entitled to disability benefits."

As defendant acknowledges in its own motion, an outright award of benefits is proper when the decision is "so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground." Gallo v. Amoco Corp., 102 F.3d 918, 923 (7th Cir. 1996)(citing Weaver v. Phoenix Home Life Mutual Ins. Co., 990 F.2d 154, 159 (4th Cir. 1993)). This record provides a clear-cut case, thus remand is unnecessary. After arbitrarily denying plaintiff's claim, defendant is not entitled to develop a new record to evaluate plaintiff's initial eligibility while plaintiff waits without benefits. Defendant may certainly conduct new tests and exams to determine whether plaintiff should continue to receive benefits, but the present record establishes his initial eligibility.

Defendant also argues that the court misapplied the summary judgment standard by granting plaintiff's motion merely because it found that the plan administrator's decision was arbitrary and capricious. Defendant reminds the court that it must consider the merits of each cross-motion separately. As explained above, we reviewed the evidence that supported denying defendant's motion and the evidence that supported granting summary judgment for plaintiff. We did not find for plaintiff merely because the plan administrator's decision was arbitrary and capricious, but because the record supports only one reasonable outcome – an award of disability benefits to plaintiff.

## CONCLUSION

For the foregoing reasons, defendant's motion to reconsider is denied.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

May 4, 2004.